**Electronically Filed
Supreme Court
SCWC-15-0000111
09-DEC-2020
08:00 AM
Dkt. 18 OP**

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---o0o---

_____

ALBERT VILLADOS, JR., also known as ALBERTO VILLADOS, JR.,
Petitioner/Petitioner-Appellant/Cross-Appellee,

vs.

STATE OF HAWAIʻI,
Respondent/Respondent-Appellee/Cross-Appellant.

_____

SCWC-15-0000111

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000111; S.P.P. NO. 13-1-0009(2); CR. NO. 08-1-0115(2))

DECEMBER 9, 2020

RECKTENWALD, C.J., NAKAYAMA, McKENNA, AND WILSON, JJ., AND
CIRCUIT JUDGE KUBOTA, ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY RECKTENWALD, C.J.

## I. INTRODUCTION

In 2012, this court dismissed Albert Villados's application for writ of certiorari, which asked us to review his 2010 conviction for promoting a dangerous drug in the second degree. Because Villados's attorney missed the deadline to file

an application for writ of certiorari, we were deprived of jurisdiction to consider the merits of his appeal.  Villados must now be allowed to refile his application.  As we held in State v. Uchima, 147 Hawai'i 64, 464 P.3d 852 (2020), a criminal defendant has the right to the effective assistance of counsel on certiorari review before this court.  We conclude that Villados is entitled to appropriate relief because Villados's counsel was ineffective.  In this case, appropriate relief is the opportunity to refile an application for writ of certiorari in his original case so that this court can decide to accept or reject it on the merits.

## II.  BACKGROUND

### A.  2012 Application for Writ of Certiorari

Villados was convicted of promoting a dangerous drug in the second degree and prohibited acts related to drug paraphernalia after a jury trial in the Circuit Court for the Second Circuit (circuit court).[1]  He was sentenced to thirty-five years in prison.[2]

Villados timely appealed his conviction and sentence to the Intermediate Court of Appeals (ICA), represented by a

---

[1]    The Honorable Shackley F. Raffetto presided over the original trial.

[2]    Villados was sentenced to fifteen years for the two convictions (including a ten-year mandatory minimum), plus an additional twenty years stemming from the revocation of probation in four other cases.

2

different attorney than at the trial court.[3]  On November 28,
2011, the ICA filed its Summary Disposition Order (SDO)
affirming Villados's sentence and conviction.  State v.
Villados, No. 30442 (App. Nov. 28, 2011).  The ICA issued its
judgment on appeal on January 4, 2012.

In a letter dated December 31, 2011, before the ICA
filed its judgment on appeal, Villados's appellate counsel,
("appellate counsel"), acknowledged to Villados that she
understood that he wanted to seek certiorari review.  She
informed him that she would not do so, however, because after
reading the ICA's ruling, she could not find any basis to apply
for certiorari review under Hawaiʻi Revised Statutes (HRS) § 602-
59(b) (Supp. 2011).[4]  She said, "[A]t this time, I do not see
'grave errors of law or fact' in the decision of the ICA in your

---

[3]     Villados's trial counsel withdrew after sentencing because of a
conflict.  He was appointed new appellate counsel, who also was permitted to
withdraw because of health concerns.  His third attorney filed an Opening
Brief to the ICA, but she later withdrew because of her appointment to the
Hawaiʻi Paroling Authority.  A fourth attorney, who is the subject of the
ineffective assistance of counsel claim at issue in this appeal, was
appointed to represent Villados thereafter.

[4]     HRS § 602-59(b) provides:

       (b) The application for writ of certiorari shall tersely
       state its grounds, which shall include:

              (1) Grave errors of law or of fact; or

              (2) Obvious inconsistencies in the decision of the
              intermediate appellate court with that of the supreme
              court, federal decisions, or its own decision,

       and the magnitude of those errors or inconsistencies
       dictating the need for further appeal.

3

case, and I do not see obvious inconsistencies with other ICA, Hawaii Supreme Court[,] or federal decisions." However, she also told him she would "review the ICA decision again" before the statutory deadline to file an application before this court. She further informed Villados, "If there is a basis to file a writ, I will file the writ. If I find there is not a basis to file a writ in accordance with the statute, I will not be able to file a writ. I will let you know either way."

In a letter dated January 20, 2012, appellate counsel told Villados that, in effect, she changed her mind and had "decided to file a writ on [his] behalf." She explained that she found "at least one point in the ICA's opinion that bothers [her]," and she "hope[d] to file" his application "by the end of January." She also informed Villados that she "tried calling [him]" at the prison but had to leave a message with a woman who had not yet called her back. She told Villados that she would "keep trying" to call him and that he should try calling her, though it might be difficult because she was frequently in meetings or in court.

Pursuant to HRS § 602-59(c), "[a]n application for a writ of certiorari may be filed with the supreme court no later than thirty days after the filing of the judgment or dismissal order of the intermediate appellate court." The February 3,

4

2012 deadline passed without an application or a request for an extension being filed.

In a letter dated February 15, 2012, appellate counsel informed Villados that she had not applied for certiorari review and that the deadline for doing so had passed.  She stated that while she had started preparing his application, she ultimately decided, after reviewing the SDO once again, that she "could not file an application for a writ of certiorari."  She explained, "Thus, this being a decision that I as an attorney had to make, I decided the appropriate course was not to file one.  Therefore, with all due respect to your desire to have a writ filed, I have not filed one and will not be filing one."

Appellate counsel notified Villados that "[t]he time to file the writ is now be [sic] expired."  However, she informed him that his recourse "may be a [Hawaiʻi Rules of Penal Procedure (HRPP)] Rule 40[5] petition, which may be used to

---

[5]    HRPP Rule 40 provides for proceedings for post-conviction relief from a judgment of conviction based on any of the following:

> (i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawaiʻi;
> (ii) that the court which rendered the judgment was without jurisdiction over the person or the subject matter;
> (iii) that the sentence is illegal;
> (iv) that there is newly discovered evidence; or
> (v) any ground which is a basis for collateral attack on the judgment

HRPP Rule 40(a)(1).

allege ineffective assistance of appellate counsel." While she stated that she "would not agree with" allegations of ineffective assistance, she told Villados that he could "apply for an attorney to assist [him] with that petition through the [circuit court]" and that she would "see that [his] files are expeditiously transferred to the new attorney" should he secure one for that purpose.

On June 12, 2012, roughly three months after the February 3, 2012 deadline, Villados filed an application for writ of certiorari to this court challenging the ICA decision on the merits. Accompanying the application, he also filed (1) a "Motion for Relief from Default and Permission to File a Writ of Certiorari" and (2) a motion for appointment of counsel. He provided an affidavit regarding ineffective assistance that stated, in relevant part:

> 3. Petitioner's former attorney (appellate counsel) [] refused to file a writ of certiorari on Petitioner's behalf;
>
> 4. Through a letter dated December 31, 2011, [appellate counsel] informed Petitioner after receiving numerous messages from family members that Petitioner desires to file a writ of certiorari: "I will review the ICA decision again within 60 days to see if there is a basis to file a writ."
>
> 5. Through a letter dated January 20, 2012, [appellate counsel] informed Petitioner: "I have decided to file a writ of certiorari on your behalf" . . . "I hope to file the writ by the end of January."
>
> 6. Through a letter dated February 15, 2012, [appellate counsel] informed Petitioner: "Therefore, with all due respect to your desire to have a writ filed, I have not

6

filed one and will not be filing one" . . . "The time to file the writ is now expired."

Villados also provided an affidavit to support his request for appointment of counsel. Id. In relevant part, it stated as follows:

> 2. [Petitioner] alleges that he was denied effective assistance of counsel when attorney failed to represent Petitioner in the pursuit of a writ of certiorari;
>
> 3. [Petitioner] lacks the knowledge in preparing such a case before the Supreme Court of the State of Hawai'i;
>
> 4. [Petitioner] is getting piecemeal assistance from various inmates in preparing this case;
>
> 5. [Petitioner] has no experience or education in legal law;
>
> 6. [Petitioner] is unable to determine complex legal issues that might have merit to this case;
>
> 7. [Petitioner] has to rely on unknowledgeable inmate assistance[.]

We dismissed the application, concluding that its untimeliness deprived us of jurisdiction. See State v. Villados, SCWC-30442, 2012 WL 3262752, at *1 (Haw. July 20, 2012). One justice dissented, arguing that the court should have accepted the untimely application because ineffective assistance of counsel caused the procedural defect. Id. at *3 (Acoba, J., dissenting). The dissent opined that the circumstances giving rise to Villados's untimely Application "fall[] squarely under the reasoning of" our cases that had excused procedural defects before the ICA. Id. (citing State v. Caraballo, 62 Haw. 309, 615 P.2d 91 (1980)). Accordingly, the

dissent would have taken jurisdiction over Villados's appeal as, it argued, due process required. Id. at *4.

## B. Rule 40 Proceedings

### 1. Circuit Court Proceedings

On September 12, 2013,[6] Villados filed a pro se petition for post-conviction relief in the circuit court pursuant to HRPP Rule 40.[7] Villados alleged that he was denied effective assistance of counsel because appellate counsel failed to timely apply for writ of certiorari, despite assuring Villados that she would do so. Villados argued that he was entitled to an evidentiary hearing, and he requested that the court vacate his judgment, order a new trial, or resentence him. The circuit court appointed a new attorney for Villados, and through counsel, Villados filed a supplemental memorandum arguing that appellate counsel's refusal to file an application on his behalf "thwart[ed] the Hawaii Supreme Court's mandate for zealous advocacy on appeal and deprived Mr. Villados of his right to appellate counsel."

The State argued in opposition that the petition should be dismissed because appeal to this court is not one of

---

[6] Villados also petitioned for writ of habeas corpus in the United States District Court for the District of Hawai'i based on the untimely certiorari application, which was dismissed prior to the HRPP Rule 40 proceedings for failing to assert a colorable claim for relief under federal law. See Villados v. Thomas, 2013 WL 4011514, at *3 (D. Haw. August 5, 2013).

[7] The Honorable Peter T. Cahill presided.

right, and under federal law, there is no right to effective assistance of counsel on discretionary appeals. In the alternative, the State argued that appellate counsel's "performance was objectively reasonable and within the 'range of competence demanded of attorneys in criminal cases.'" Noting that appellate counsel fully briefed the issues before the ICA, the State argued that "under the totality of the circumstances, [appellate counsel's] efforts reflected zealous advocacy on behalf of Villados." In addition, the State argued that it was important to consider and defer to appellate counsel's view that there were no meritorious issues to pursue in an application for writ of certiorari.

The circuit court held an evidentiary hearing on Villados' Rule 40 petition. Appellate counsel provided testimony at the hearing regarding her representation of Villados. She stated that she did not file an application for writ of certiorari because she believed there were no grounds to do so. She explained that after considering "the statute governing the taking of a writ of certiorari" and reading the ICA's SDO, she determined that she "did not see grave errors of law or fact" that would "meet the criteria" under the statute.

On cross-examination, appellate counsel testified that she did not seek an extension of the filing deadline after the ICA's Judgment on Appeal was filed. She testified that after

sending Villados the January 20, 2012 letter indicating that she would file the application, she tried to call Villados "on the 21st or 22nd" to inform him that she in fact would not file an application. She testified that she was unable to reach Villados and had to leave a message, although she later found out she did not follow the usual procedure for arranging a call to the mainland prison where Villados was incarcerated. She also testified that she did not write to Villados to inform him that she would not file an application until after the window for filing had expired.

The circuit court found that Villados was provided ineffective assistance of appellate counsel:

> [B]ased upon the evidence that's been presented and the testimony that I heard from [appellate counsel], I do find that there was ineffective assistance of counsel.
> I mean, in his dissent from the order dismissing application for writ of certiorari, I mean, [the dissent] as much as said, as a matter of law, it was ineffective assistance of counsel, and they appeared to have all the evidence that I have, other than the testimony. But they had declarations and affidavits, and I realize that's the dissent, but he sets it out as clear as he could be.
> But the evidence also supports it. And the troubling part is that [appellate counsel] wrote to Mr. Villados on January 20, 2012, and said, "I will file the writ of certiorari." She testified that she called him but could not make contact.
> So, therefore, in Mr. Villados' mind, when he receives the letter of January 20th, he thinks his lawyer is going to proceed. The next thing that he receives is a letter saying that the appeal time has been blown, and there's nothing more we can do about it except file Rule 40 and make a claim of ineffective assistance of counsel.
> I think it's like a statute of limitations. Once blown, it can't be reobtained. I did not know myself about the automatic 30-day extension, but you have to make that request.

> That was not done.  That would have given counsel time to file a withdrawal or there were other options.  Simply file the writ of certiorari even if she didn't believe that there were grounds for it.  [The dissent] talks about zealous representation.  But if counsel felt uncomfortable doing that, then the immediate response has to be you immediately file a motion to withdraw.
>
> On the civil side, if you're faced with a statute like this and you don't want to file the Complaint, you can easily prepare one and have the client file it pro se.
>
> I realize in the criminal context it's different, but in this case, [appellate counsel's] actions did deprive Mr. Villados of the right to seek an appeal.  He does not have a right to the automatic appeal because it's discretionary with the Supreme Court.

With regard to the appropriate remedy, the court held that a new trial should not be granted, as Villados had urged, but expressed doubt as to the proper course moving forward given the unique circumstances of the case.  The court explained:

> The standard has troubled me, . . . but I don't think that, in the totality of this case, the remedy is to grant the new trial.
>
> The reason is there is an [a]ppellate ruling in this case, and the appeal was denied.  So despite my finding, I can't grant the petition or I can't grant the relief you're requesting.
>
> I am still troubled, and I guess the only thing is, given what the parties have done, is now everything on this — everything that was part of the original criminal matter is now part of this petition, including the entirety of the transcripts.
>
> And the defendant or the petitioner should be afforded to present all of his appeal issues as part of his Rule 40 petition.
>
> Now, whether the [a]ppellate [c]ourt will accept that, I don't know.  And they certainly — and this is certainly one [—] that should be appealed.  Because I will tell you that both myself and . . . my law clerk — I spent one entire day trying to find the case, and . . . I could not find a case where the time limit on the writ of cert was missed that also told me what the relief should be.  I couldn't find one.
>
> And so I just don't feel that granting a new trial on the Rule 40 petition — yes, he was deprived of that right, but it's so discretionary, and I don't think you have to prove, necessarily, prejudice; but we are guided by what the [c]ourt already did.  And [the dissent] set forth the

11

manner, the method, and the platform by which the [s]upreme [c]ourt could have taken the original appeal, and they chose not to.

Now, I realize they decided it simply on a jurisdictional issue, that the time was blown, but he set it all out, and he even said why should we have to deal with this on a Rule 40. Let's just deal with it now. Well, what he was thinking on the Rule 40, he was probably thinking the entire appeal is going to come back to us, and we're then going to have an opportunity to decide it.

So I don't know how you're going to fashion — well, the findings of fact, I think, are pretty easy. The conclusions of law are — I'm concluding, as a result of the ineffective assistance of counsel, that the defendant was deprived of his ability to seek a discretionary appeal with the [s]upreme [c]ourt.

But that the relief requested, namely a new trial, is denied; and that the defendant or the petitioner, as a matter of law, should be permitted the opportunity to present all of his appeal issues including those that were originally raised in the original appeal and that were not permitted to go up on [c]ert to the [s]upreme [c]ourt should be presented.

Whether or not I have the power to do that, it's almost like I'm issuing a writ of mandamus to the [a]ppellate [c]ourt.

Villados moved for reconsideration before the court issued a written order, arguing that pursuant to <u>Briones v. State</u>, 74 Haw. 442, 467, 848 P.2d 966, 978 (1993), he was entitled to a retrial. The State opposed the motion; without conceding that counsel had been ineffective, it asserted that a new trial was not warranted.

The circuit court denied the motion for reconsideration and filed a written order reflecting its oral ruling. The court determined that appellate counsel provided ineffective assistance of counsel, as she "failed to inform" Villados that she had changed her mind about filing an application for writ of certiorari, and she failed to "take the

12

steps necessary to preserve his statutory right to seek review by the Hawaii Supreme Court." It opined, however, that "[t]he appropriate remedy in this case is to permit [Villados] to seek review by the Hawaii Supreme Court of the ICA's affirming of the judgment of conviction. This [c]ourt cannot grant the relief requested by [Villados]."

## 2. ICA Proceedings

Villados and the State cross-appealed. The State challenged the conclusion that counsel for Villados was ineffective, arguing that appellate counsel could not have been ineffective for denying her client a statutory right. The State argued that Villados was not constitutionally entitled to effective counsel on appeal to this court. Even if he was, the State asserted that counsel's error did not result in "the withdrawal or substantial impairment of a potentially meritorious defense." (Citing Briones, 74. Haw. at 462, 848 P.2d at 976.) Villados asked the ICA to affirm the circuit court insofar as it concluded his counsel was ineffective, but urged that his conviction should be set aside.

The ICA rejected the State's cross-appeal and upheld the circuit court's ruling that Villados's appellate counsel provided ineffective assistance. Relying on Maddox v. State, 141 Hawai'i 196, 203, 407 P.3d 152, 159 (2017), the ICA determined that when counsel has denied a defendant their right

to an appeal, including an appeal to this court, "a defendant need not demonstrate any additional possibility of impairment" to establish ineffective assistance of counsel.  Because filing an application for writ of certiorari is within "the scope of counsel's appointment, pursuant to HRS § 802-5," the ICA determined that Villados's counsel denied him of his right to appeal to this court by virtue of her failure to "diligently fulfill the procedural requirements to file an application for writ of certiorari if [Villados] elect[ed] to do so."

However, the ICA agreed with the circuit court that a new trial would not be an inappropriate remedy.  Quoting Maddox, the ICA noted that this court "expressed that the defendant's alleged facts" regarding ineffective assistance, "if true, would entitle [the defendant] to proceed with his appeal at this juncture[.]"  141 Hawai'i at 208, 407 P.3d at 164.  Per the ICA, "Maddox does not indicate that . . . vacating [Villados's] conviction would be an appropriate remedy."  Instead, the appropriate relief "would be to allow [Villados] to proceed with the appeal that was precluded by the ineffective counsel." However, like the circuit court, it did not have the power to order the supreme court to review the application.  That power, it reasoned, could only be exercised by this court.  The ICA therefore affirmed the circuit court's denial of the Rule 40 petition.

14

### III. DISCUSSION

A decade after his original conviction and eight years after his untimely application for writ of certiorari was dismissed, Villados is now before this court once again. Because the State did not appeal the ICA's decision as to its cross-appeal, the issue of whether Villados's counsel was ineffective is waived, and we do not review the circuit court and ICA's conclusion that she was. Therefore, we are presented only with the question of the proper remedy. We agree with the ICA and the circuit court that Villados must be permitted to refile an application for writ of certiorari challenging his 2010 conviction on the merits.

As this court held in State v. Uchima, 147 Hawai'i 64, 464 P.3d 852 (2020), a criminal defendant is entitled to the effective assistance of counsel on certiorari review. Id. at 76, 464 P.3d at 864. Uchima arose in the same context that Villados found himself in 2012: a late application, which would normally deprive us of jurisdiction, caused by ineffective assistance of counsel on direct appeal. Because the ineffectiveness of Uchima's counsel was plain from the record, we had authority to consider the application on its merits, as we do "when it is necessary to prevent a violation of due process or is in the interests of justice." Id. at 82, 464 P.3d

15

at 870. Just as we considered Uchima's application on the merits, Villados's application should be considered on its merits as well.

The remedy for ineffective assistance of counsel must be responsive to the nature of counsel's errors. Ineffective assistance of counsel at trial requires a new trial, but ineffective assistance of counsel on appeal does not necessarily warrant this remedy. In Maddox, we held that if the facts alleged in an HRPP Rule 40 proceeding were true, the defendant's counsel would have been ineffective because counsel failed to take the procedural steps required to commence an appeal. 141 Hawai'i at 202-03, 407 P.3d at 158-59. As such, counsel's errors resulted in "the complete denial of a criminal appeal[.]" Id. at 205, 407 P.3d at 161. Accordingly, we noted that he would be entitled to "proceed with his appeal at this juncture[.]"[8] Id. at 208, 407 P.3d at 164.

We do not agree with Villados that counsel's error requires vacatur of the underlying conviction and a new trial based on language in Briones: "A conviction will be reversed, therefore, if the defendant was denied effective assistance of counsel at trial . . . or on appeal." 74 Haw. at 467, 848 P.2d

_____

[8] The United States District Court for the District of Hawai'i, in reviewing the same defendant's petition for writ of habeas corpus, also concluded that the appropriate remedy would be a new appeal. Maddox v. Thomas, 2019 WL 311964, at *6 n.10 (D. Haw. Jan. 23, 2019) (citing Penson v. Ohio, 488 U.S. 75, 88 (1988)).

at 978 (citation omitted).  In Briones, not only was trial counsel also ineffective (for which a new trial is the usual remedy), appellate counsel's "failure to raise [an] issue, both at trial and on appeal, resulted in the withdrawal of not only a potentially meritorious defense, but a defense that would have altered the outcome."  Id. at 467–68, 848 P.2d at 978 (emphasis added).  Cases from other jurisdictions that awarded a new trial for ineffective assistance of appellate counsel likewise tend to arise in this posture: if the court has determined that, absent counsel's error, the outcome of the appeal would have been different, the remedy of a new appeal would effectively "require another judicial entity to undertake exactly the same analysis which had just been accomplished," and judicial economy instead favors granting a new trial.  Milliken v. Stewart, 583 S.E.2d 30, 31 (Ga. 2003); see Ezell v. State, 548 S.E.2d 852, 854 (S.C. 2001) ("Here, we conclude the result of respondent's appeal would have been different had counsel [been effective before] the Court of Appeals.  Therefore, . . . the appropriate remedy for the ineffective assistance of appellate counsel on the particular facts of this case is to grant respondent a new trial."); Ramchair v. Conway, 601 F.3d 66, 78 (2d Cir. 2010) ("Because remanding for a new appeal would further delay any new trial, and because the district court found the mistrial claim unassailably meritorious due to the unfairness of Ramchair's

trial, the district court concluded that remanding for a new trial, without pausing for a new appeal, was appropriate.").

In Maddox, by contrast, we held that a defendant who was utterly denied his right to appeal "need not demonstrate any additional possibility of impairment to establish that counsel was ineffective under article I, sections 5 and 14 of the Hawai'i Constitution."  141 Hawai'i at 206, 407 P.3d at 162.  And we opined that if, as he alleged, Maddox were denied his right to appeal by virtue of ineffective assistance of counsel, Maddox would be entitled to "pursue an appeal of [his original case.]" Id.  Here, as in Maddox, Villados was entirely deprived of the opportunity for Hawai'i Supreme Court review, so we need not and do not reach the merits of his underlying case to determine whether that denial "resulted in either the withdrawal or substantial impairment of a potentially meritorious defense" – the denial alone is enough to warrant relief.  Id. at 205, 407 P.3d at 161 (quoting State v. Antone, 62 Haw. 346, 348–49, 615 P.2d 101, 104 (1980)).  But absent at least some inquiry into the merits, a new trial is not a remedy responsive to the error.

Indeed, many state courts have determined that in cases where appellate counsel was found ineffective but trial counsel was not, "[t]he proper remedy . . . is to return applicant to the point at which he can give notice of appeal." Ex parte Miller, 330 S.W.3d 610, 626 (Tex. Crim. App. 2009); see

State v. Gross, 760 A.2d 725, 742 (Md. Ct. Spec. App. 2000) (holding that the appropriate relief for ineffective assistance of appellate counsel is the "awarding of a belated or new appeal," noting that the relief "should be tailored to fit the deficiency" (quotation marks and citation omitted)); In re Alexandria G., 834 N.W.2d 432, 437 (Wisc. Ct. App. 2013) (holding that the appropriate remedy when appellate counsel was found ineffective for failing to file a timely appeal from the termination of parental rights before the deadline was extending time to file a notice of appeal, for such a remedy was "suited to the scope of the violation").

Likewise, federal courts have found that "[i]n general, the appropriate remedy for ineffective assistance of appellate counsel is to grant a new appeal."[9] Lynch v. Dolce, 789 F.3d 303, 320 (2d Cir. 2015); see Martin v. United States, 81 F.3d 1083, 1084 (11th Cir. 1996) (per curiam) ("Because [the defendant] was entitled to appeal his sentence . . . and because the failure to file an appeal constituted ineffective assistance of counsel, we REVERSE and REMAND with instructions to grant

---

[9]     However, unlike in Hawaiʻi, the United States Constitution does not guarantee the effective assistance of counsel on discretionary review. Wainwright v. Torna, 455 U.S. 586, 587–88 (1982) (per curiam). Nonetheless, federal precedent is instructive as to the appropriate remedy in this case, and indeed, federal statutes have been interpreted to provide that "a person whose federal conviction has been affirmed is entitled to a lawyer's help in seeking certiorari[.]" Wilkins v. United States, 441 U.S. 468, 469 (1979); see also Nnebe v. United States, 534 F.3d 87, 91 (2d Cir. 2008).

19

relief allowing a direct appeal."). For instance, in United States v. Shedrick, 493 F.3d 292, 303 (3d Cir. 2007), the United States Court of Appeals for the Third Circuit held that when ineffective assistance of appellate counsel prevented a defendant from filing a timely appeal, the appropriate remedy was to "vacate and remand for re-entry of the initial sentence so that there can be a timely appeal" because this would put the defendant "in the same position he would have been in if he had had effective assistance of counsel." Cf. Garza v. Idaho, 139 S. Ct. 738, 749 (2019) ("When counsel's deficient performance forfeits an appeal that a defendant otherwise would have taken, the defendant gets a new opportunity to appeal. . . . That rule does no more than restore the status quo that existed before counsel's deficient performance forfeited the appeal, and it allows an appellate court to consider the appeal as that court otherwise would have done[.]").

And while not all jurisdictions have recognized a right to petition for certiorari or discretionary review as we did in Uchima, 147 Hawai'i at 73, 464 P.3d at 861, courts that do have found that providing a defendant with the opportunity to pursue the petition is the appropriate remedy when appellate counsel is ineffective by depriving them of that right. See People v. Williams, 736 P.2d 1229, 1231 (Colo. App. 1986) ("Therefore, because a lack of effective assistance of counsel

20

denied defendant the opportunity to file a petition for a writ of certiorari in the Supreme Court, we hereby . . . grant defendant fourteen days from the date mandate issues in this case within which to file a petition in this court for rehearing[.]"); Kargus v. State, 169 P.3d 307, 312, 320 (Kan. 2007) (holding that criminal defendants have a right to petition the Kansas Supreme Court for review, and denial of that right due to ineffective assistance of counsel requires the opportunity to re-petition).

In the instant case, counsel was ineffective in failing to file a timely application for writ of certiorari. As in Maddox, and consistent with the approaches of other jurisdictions, a new trial would not be a remedy responsive to this error. Instead, Villados should be entitled to "proceed with his appeal" to this court as if the ineffective assistance had not been rendered. Maddox, 141 Hawai'i at 208, 407 P.3d at 164.

Accordingly, in order to effectuate this remedy and pursuant to our authority under HRS §§ 602-5(5) and 602-5(6), we vacate the judgment of the ICA in case number SCWC-30442 and instruct the ICA to reenter it within ten days of entry of the judgment on appeal in the instant case. Villados shall accordingly be entitled to refile an application for writ of certiorari in case number SCWC-30442, State v. Villados,

21

challenging the merits of his original case pursuant to the reentered judgment on appeal. The application for writ of certiorari must be filed in accordance with HRS § 602-59(c) and all other relevant statutes, and the Hawai'i Rules of Appellate (HRAP) Procedure.

While we believe this to be the most efficient method for affording Villados relief, in future HRPP Rule 40 proceedings where ineffective assistance of appellate counsel – whether for representation at the ICA or this court – is established and if the opportunity to pursue the underlying appeal is the appropriate remedy, we hold that granting such a remedy is within the trial court's authority pursuant to HRPP 40(g)(1) ("If the court finds in favor of the petitioner, it shall enter an appropriate order with respect to the judgment or sentence in the former proceeding, or with respect to custody based on such judgment, and such supplementary orders as to rearraignment, retrial, custody, bail, discharge or other matters as may be necessary or proper."). Pursuant to HRPP Rule 40(g)(1), when the trial court finds that ineffective assistance of appellate counsel has been rendered on appeal to the ICA and a new appeal is the appropriate remedy, it may issue an order

vacating and reentering the trial court judgment in order for the defendant to pursue the appeal.[10]

In cases like this one, where the ineffective assistance of counsel arises on certiorari review, it is the ICA's judgment on appeal that must be vacated and reentered. In such a case, the trial court should conduct HRPP Rule 40 proceedings in the usual course. But such petitions need not be

_____

[10] We are aware that in State v. Mamalias, we held that a trial court does not have the authority to "extend[] the expired time for appeal in the underlying criminal case." 69 Haw. 581, 582, 751 P.2d 1029, 1030 (1988). This is true – HRAP Rule 4 on its face does not allow for additional extensions of time in a criminal case beyond that provided in Rule 4(b)(5). We do not suggest that a trial court is empowered to ignore the plain language of the rule by extending the time to appeal.

But we also reject a reading of Mamalias that precludes any ability for a Rule 40 court to award relief for ineffective assistance of appellate counsel. Our holding today recognizes that ineffective assistance of counsel on appeal requires an appropriate remedy, as is reflected in our precedents establishing an appellate court does not necessarily lose jurisdiction over an untimely appeal when ineffective assistance causes the untimeliness. State v. Erwin, 57 Haw. 268, 269, 554 P.2d 236, 238 (1976) ("[I]t is clear that an indigent criminal defendant is entitled, on his first appeal, to court-appointed counsel who may not deprive him of his appeal by electing to forego compliance with procedural rules."). Indeed, Uchima contemplated that the same relief an appellate court may provide in such a circumstance – the ability to proceed with the appeal – would be available following an HRPP Rule 40 proceeding. 147 Hawai'i at 81, 464 P.3d at 869 ("[T]his court has discretionary authority to dismiss the application as untimely and require the defendant to proceed under HRPP Rule 40. . . . In circumstances when the record is unclear [as to whether counsel was ineffective], the court may dismiss the application so that a proceeding may be commenced in the trial court pursuant to HRPP Rule 40(f)."). We clarify today that the procedural means to effectuate such a remedy is the vacatur and reentry of the underlying judgment, affording the petitioner the opportunity to pursue a new appeal (without altering, as the trial court in Mamalias attempted to, the time requirements imposed by statute and rule).

Moreover, the trial court in Mamalias did not conduct a hearing on the merits of the HRPP Rule 40 petition before awarding such relief. In contrast, the court's authority to enter relief entitling the defendant to a new appeal is predicated upon the entry of findings of fact and conclusions of law establishing that (1) appellate counsel was ineffective and (2) a new appeal is the appropriate remedy.

dismissed and appealed to this court in order to grant relief, as happened here.  Rather, upon entry of final judgment pursuant to an order determining that (1) appellate counsel was ineffective and (2) the opportunity to pursue certiorari review is the appropriate remedy, the petitioner may then move in the ICA for vacatur and reentry of the underlying judgment on appeal.[11]

## V. CONCLUSION

For the foregoing reasons, the ICA's October 25, 2018 judgment on appeal is affirmed in part and reversed in part.  We affirm the judgment as to the determinations that appellate counsel was ineffective and that the proper remedy is the opportunity to seek review from this court, and reverse the denial of relief and dismissal of the HRPP Rule 40 petition.  We vacate the ICA's January 4, 2012 judgment on appeal in State v. Villados, No. 30442, and instruct the ICA to reenter said

---

[11]    The trial court's order and judgment on the HRPP Rule 40 petition would be subject to appeal in the normal course before taking final effect. HRPP Rule 40(h) ("Any party may appeal from a judgment entered in the proceeding in accordance with Rule 4(b) of the [HRAP]."). Accordingly, the subsequent motion to vacate and reenter the judgment brought before the ICA would not, absent unusual circumstances, present the opportunity to relitigate whether appellate counsel had been ineffective.

judgment within ten days of the entry of the judgment on appeal in the instant case.

| | |
|---|---|
| Robert H. Thomas and Joanna C. Zeigler (Benjamin E. Lowenthal on the briefs) for petitioner | /s/ Mark E. Recktenwald |
| | /s/ Paula A. Nakayama |
| | /s/ Sabrina S. McKenna |
| Donald S. Guzman and Renee Ishikawa Delizo (Artemio C. Baxa on the briefs) for respondent | /s/ Michael D. Wilson |
| | /s/ Peter K. Kubota |

