NOT FOR PUBLICATION  IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000452
19-FEB-2021
07:49 AM
Dkt. 48 MO

NO. CAAP-19-0000452

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

WILLIE JAMES JONES, Petitioner-Appellant, v.
STATE OF HAWAIʻI, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 17-1-0012; CRIMINAL NO. 1PC950001384)

MEMORANDUM OPINION
(By: Leonard, Presiding Judge, Hiraoka and Wadsworth, JJ.)

Petitioner-Appellant Willie James Jones (**Jones**) appeals from the Order Denying Petitioner Willie Jones's Motion for Relief Due to Late Mailing, filed on May 29, 2019 (**Order Denying Relief**), in the Circuit Court of the First Circuit (**Circuit Court**).[1]

I.   BACKGROUND

In the underlying criminal proceeding, on August 19, 1996, Jones was convicted of Sexual Assault in the First Degree

_____

[1]     The Honorable Edward H. Kubo, Jr. presided.

and Kidnapping.  On June 9, 1997, Jones's conviction was affirmed by the Hawaiʻi Supreme Court in Appeal No. 20090.

Jones filed four prior proceedings for post-conviction relief, in 2000, 2006, 2011, and 2014.  In each of those prior cases, relief was denied, and in the instances where Jones appealed, the appealed-from orders were affirmed.

Relevant to this appeal, on July 6, 2017, Jones filed a Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Fifth Petition**), which was docketed in S.P.P. No. 17-1-0012.  On May 30, 2018, the Circuit Court issued an Order Denying [Jones's Fifth] Petition for Post-Conviction Relief Without a Hearing (**Order Denying Fifth Petition**).  On June 30, 2018, Jones filed a Notice of Appeal from the Order Denying Fifth Petition, which was docketed in CAAP-18-0000532 (**Appeal from Order Denying Fifth Petition**).  On December 19, 2018, this court dismissed the Appeal from Order Denying Fifth Petition on the grounds that it was not timely filed within 30 days from the May 30, 2018 Order Denying Fifth Petition, as required by Rule 4(b)(1) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**).[2] Jones did not file a petition for writ of certiorari from the December 19, 2018 dismissal of the Appeal from Order Denying Fifth Petition or otherwise timely seek reconsideration from this court in CAAP-18-0000532.  Instead, many months later, on

---

[2]    An Amended Order Dismissing Appeal for Lack of Jurisdiction was filed on December 24, 2018.

September 27, 2019, he filed in CAAP-18-0000532, [Jones's] Motion to Reinstate Appeal.  On October 3, 2019, construing Jones's motion as a motion for reconsideration, this court denied it (**Order Denying Reinstatement**).  On October 21, 2019, Jones filed a petition for writ of certiorari, seeking relief from, *inter alia*, the Order Denying Reinstatement.  On November 25, 2019, in SCWC-18-0000532, the supreme court entered an Order Rejecting Application for Writ of Certiorari.

In the meantime, in the Circuit Court, it appears that some time on or after January 8, 2019, Jones filed a Motion for Relief Due to Late Mailing (**Motion for Relief**) in S.P.P. No. 17-1-0012, the case in which the Fifth Petition was filed.  The actual date of submission is unclear, as the Motion for Relief was filed on August 21, 2019, and there is no "received" stamp or other record of the date of submission.  The Motion for Relief, counsel's declaration in support, a blank notice of hearing, and a certificate of service are all dated January 8, 2019.  In the Motion for Relief, Jones requested that the Circuit Court re-enter the May 30, 2018 Order Denying Fifth Petition.  Jones argued that relief was warranted because the Order Denying Fifth Petition was not mailed to Jones's attorney until June 26, 2018, as evidenced by the postmark on the envelope addressed to counsel and bearing the presiding judge's name, division number, and the Circuit Court's address as the return address.  On May 29, 2019, the Circuit Court entered the Order Denying Relief.

On June 20, 2019, Jones timely filed a notice of appeal from the Order Denying Relief.

II.   POINTS OF ERROR

Jones raises three points of error on appeal, contending that the Circuit Court:  (1) erred in denying the Motion for Relief; (2) (previously) erred in failing to enter a judgment reflecting its ruling on the Fifth Petition; and (3) erred in adjudicating the Motion for Relief without conducting a hearing pursuant to Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 40(f).  Subsequent to the completion of briefing, on December 25, 2020, Jones filed a letter, pursuant to HRAP Rule 28(j), noting the supreme court's December 2, 2020 decision in Villados v. State, 148 Hawaiʻi 386, 477 P.3d 826 (2020).

III. APPLICABLE STANDARD OF RELIEF

Jones asserts that this case should be reviewed as a denial without hearing of a petition filed pursuant to HRPP Rule 40.  Assuming, *arguendo*, that the Motion for Relief may be considered as a Rule 40 petition, the supreme court has held that "the issue whether the trial court erred in denying a Rule 40 petition without a hearing based on no showing of a colorable claim is reviewed *de novo*; thus, the right/wrong standard of review is applicable."  Dan v. State, 76 Hawaiʻi 423, 427, 879 P.2d 528, 532 (1994).

IV.  DISCUSSION

    A.  The Form of the Order Denying Relief

        We begin with Jones's second point of error, in which he asserts that a final judgment must yet be entered on the Order Denying Fifth Petition.

        This argument is flawed on many grounds, including that the appeal from the Order Denying Fifth Petition is closed, and any argument concerning a defect in the form of an order has been disposed of or waived.  Jones did not timely raise this argument in, for example, a timely motion for reconsideration or petition for writ of certiorari when this court dismissed Jones's appeal from the Order Denying Fifth Petition in CAAP-18-0000532.  Instead, in Jones's September 27, 2019 Motion to Reinstate Appeal, Jones argued for the first time that, in the alternative to his request that the appeal be reinstated, this court should "clarify" that the appeal was dismissed as premature because no final judgment had been entered with respect to the Fifth Petition.  Jones's motion was denied as this court lacked jurisdiction.  Jones raised the same issue in his petition for writ of certiorari in SCWC-18-0000532, and the supreme court rejected his petition.

        Moreover, in Grattafiori v. State, 79 Hawaiʻi 10, 11, 897 P.2d 937, 938 (1995), the supreme court clarified the rules regarding timeliness of the filing of a notice of appeal pursuant to HRPP Rule 40.  That clarification included that an appeal from

an order denying a petition for post-conviction relief pursuant to HRPP Rule 40 must be filed within thirty days after the entry of an order denying the petition.  Id. at 13, 897 P.2d at 940. The supreme court did not adopt a separate judgment mandate as done by the court, in the prior year, with respect to orders and judgments entered pursuant to the Hawai'i Rules of Civil Procedure, which requires entry of a separate judgment.  Cf. Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 869 P.2d 1334 (1994).

We conclude that this point of error is without merit.

B.    The Motion for Relief

In his first and third points of error, Jones argues that the Circuit Court erred when it denied the Motion for Relief without first holding a hearing pursuant to HRPP Rule 40(f) and that the court otherwise erred in denying him the requested relief.  Jones argues primarily that relief should have been granted because the Order Denying Fifth Petition was not put in the mail until shortly before the due date for filing a notice of appeal.[3/]

Jones relies on, *inter alia*, HRPP Rule 49(d), which addresses relief upon failure to receive due notice or service of the documents described in the preceding subsections, but fails

_____

[3/]    Jones has never asserted that his attorney did not receive the Order Denying Fifth Petition prior to the expiration of the period in which he could have timely filed a notice of appeal.

to mention HRPP Rule 49(e)(3), which specifically provides, in relevant part:

> Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted by Rule 4(b) of the Hawaiʻi Rules of Appellate Procedure.

HRAP Rule 4(b) states, in relevant part:

> (5) EXTENSIONS OF TIME TO FILE A NOTICE OF APPEAL. Upon showing of good cause, the circuit, district, or family court may, no later than 30 days after the time has expired, on motion and notice, extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision (b).  Any such motion that is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires.

The supreme court has nevertheless held that a criminal defendant is entitled, on his or her first appeal, to effective counsel, who may not deprive the defendant of the right to appeal by failing to timely file a notice of appeal.  See State v. Aplaca, 96 Hawaiʻi 17, 23, 25 P.3d 792, 798 (2001).  In such instances, the appellate courts have retained jurisdiction despite untimely filing of a notice of appeal.  Id.  However, Jones cites no authority supporting the proposition that a trial court has the authority to grant relief under the circumstances presented in this case, where Jones missed the deadline to file an appeal from the denial of his fifth petition for post-conviction relief, after perfecting appeals from his initial conviction and sentence, as well as perfecting or waiving his right to appeal the denial of each of his four prior post-conviction petitions, and where Jones has already made identical arguments for relief to both this court and the supreme court,

and relief was denied by the appellate courts.  See generally Grattafiori, 79 Hawaiʻi at 13-14, 897 P.2d at 940-41 (dismissing appeal from denial of HRPP Rule 40 petition for failing to timely file notice of appeal).

We conclude that Jones's arguments that the Circuit Court erred when it denied the Motion for Relief are without merit.

We further conclude that Jones's arguments that the Order Denying Relief should be vacated because the Circuit Court failed to conduct a hearing pursuant to HRPP Rule 40(f) is also without merit.  Even assuming it applies in this case,[4] HRPP Rule 40(f) states, *inter alia*, that "the court may deny a hearing if the petitioner's claim is patently frivolous and is without [a] trace of support either in the record or from other evidence submitted by the petitioner."  Here, for the reasons set forth above, we conclude that Jones's request for relief from the Order Denying Fifth Petition was patently frivolous and without a trace of support and the Circuit Court did not err in disposing of it without a hearing.

---

[4]  The Motion for Relief stated that it was being filed pursuant to, *inter alia*, HRPP Rule 40(a)(1)(v).  However, by its own terms, HRPP Rule 40(a) is applicable to requests for relief from "judgments of conviction and to custody based on judgments of conviction" and makes no mention of a proceeding seeking to set aside a prior order disposing of a Rule 40 petition, let alone a post-appeal proceeding of that nature.  For the purpose of addressing Jones's arguments, we assume, without deciding, that HRPP Rule 40 is applicable to the Motion for Relief.

C.   <u>Villados</u>

Finally, Jones has pointed to <u>Villados</u>, 148 Hawai'i 386, 477 P.3d 826, in support of his appeal because "[t]he decision related to the appropriate remedy to be applied where a deadline for appeal or writ has not been met."  <u>Villados</u> involved the ineffective assistance of counsel arising from a missed deadline to file an application for certiorari review of this court's summary disposition order affirming the defendant's conviction and sentence – in other words, the appellant's direct appeal.  <u>Id.</u>  <u>Villados</u> is inapposite to Jones's request for further review of the Order Denying Fifth Petition based on a missed deadline to perfect appellate review, which disposed of Jones's <u>fifth</u> petition for post-conviction relief, not any phase of a direct appeal from a conviction and sentence.

V.   <u>CONCLUSION</u>

For these reasons, the Circuit Court's May 29, 2019 Order Denying Relief is affirmed.

DATED: Honolulu, Hawai'i, February 19, 2021.

On the briefs:

John Rapp,
for Petitioner-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge