**FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000475
09-MAR-2021
08:13 AM
Dkt. 129 OP**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SCOTT BRIAN SMITH, Defendant-Appellant

NO. CAAP-19-0000475

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CRIMINAL NUMBER 2PC990000325)

MARCH 9, 2021

LEONARD, PRESIDING JUDGE, HIRAOKA AND WADSWORTH, JJ.

OPINION OF THE COURT BY HIRAOKA, J.

In 2001, a jury convicted Defendant-Appellant Scott Brian Smith (**Smith**) of assault, terroristic threatening, sexual assault, and kidnapping. The Circuit Court of the Second Circuit sentenced him to concurrent and consecutive prison terms totaling 45 years (**Original Sentence**).[1] He appealed. We affirmed. State v. Smith, 106 Hawai'i 365, 105 P.3d 242 (App. 2004) (**Smith I**).

---

[1] The Honorable Shackley F. Raffetto presided over Smith's trial and original sentencing.

This appeal arises from two post-conviction motions filed by Smith in his criminal case, Hawaiʻi Judiciary Information Management System (**JIMS**) case 2PC990000325 (the **Criminal Case**). On December 27, 2017, Smith filed a motion seeking review of his consecutive sentences under Hawaii Revised Statutes (**HRS**) § 706-668.5(3) (**Motion to Review Consecutive Sentence**).[2] On November 21, 2018, the circuit court[3] entered "Findings of Fact and Conclusions of Law on Defendant's Motion to Review Consecutive Sentence Under HRS §[ ]706-668.5" (**Order Denying Motion to Review Consecutive Sentence**). The circuit court denied Smith's motion but found the sentence imposed for the kidnapping conviction to have been illegal. The circuit court directed Smith to file a petition for relief under Rule 40 of the Hawaiʻi Rules of Penal Procedure (**HRPP**).

As directed, on January 2, 2019, Smith filed an HRPP Rule 40 petition. A new JIMS case, 2PR191000001, was opened as a result of that filing. The circuit court granted the petition and ordered that Smith be resentenced at a further hearing in the Criminal Case.

---

[2] At that time HRS § 706-668.5 (Supp. 2016) provided, in relevant part:

> **§ 706-668.5 Multiple sentence of imprisonment. . . .**
>
> . . . .
>
> (3) For terms of imprisonment imposed prior to June 18, 2008, the department of public safety shall post written notice in all inmate housing units and the facility library at each correctional facility for a period of two months and send written notice to the defendant no later than January 1, 2016, that shall include but not be limited to:
>
>> (a) Notice that the department of public safety may recalculate the multiple terms of imprisonment imposed on the defendant; and
>>
>> (b) Notice of the defendant's right to have the court review the defendant's sentence.

[3] The Honorable Peter T. Cahill presided over all subsequent proceedings at issue in this appeal.

On May 2, 2019, in the Criminal Case, the circuit court entered the "Judgment; Conviction and Sentence; Notice of Entry" (**2019 Sentence**). The 2019 Sentence increased the sentence for kidnapping (Count 8) from 10 to 20 years, but ran the kidnapping sentence concurrently with the 20-year sentences for Smith's other class A felony offenses (Counts 3-6). The sentence for the remaining B felony (Count 1) remained consecutive to the concurrent sentences for the A felonies. The 5-year sentences on the class C felonies ran concurrently with each other and concurrently with the consecutive sentences on Counts 1, 3-6, and 8. That resulted in Smith's total sentence being reduced from 45 to 30 years.

On July 1, 2019, in the Criminal Case, Smith filed a new motion to reduce his sentence based on his medical condition (**Motion to Reduce Sentence**). The State opposed the motion. Smith filed reply and supplemental memoranda. The circuit court entered the "Order Denying Defendant's Rule 35(b) Motion" on September 20, 2019 (**Order Denying Motion to Reduce Sentence**).

In this appeal Smith contends that the circuit court erred when it: **(1)** reviewed but failed to alter his consecutive sentences; **(2)** recalculated his illegal sentence; **(3)** failed to resentence him to concurrent terms; and **(4)** denied his motion to reduce his sentence for medical reasons. For the reasons explained below, we affirm the Order Denying Motion to Review Consecutive Sentence, vacate the 2019 Sentence, affirm the Order Denying Motion to Reduce Sentence, and remand for resentencing consistent with this opinion.

<u>BACKGROUND</u>

On June 26, 1999, from sometime after midnight until after sunrise, Smith threatened, assaulted, kidnapped, and repeatedly raped the complaining witness (**CW**), Smith's former girlfriend, in the presence of their 2½-year-old child. CW was taken to a hospital emergency room, where a doctor found that her

right eye socket and left ring finger were fractured, her eyes were severely bruised and nearly swollen shut, and she had contusions on both ears.  She also had lacerations on her right thigh, right arm, chin, and left thumb, all of which appeared to have been made with a sharp instrument.  CW remained hospitalized for four days.[4]

### PROCEDURAL HISTORY

#### The Criminal Case

Smith was charged by complaint with attempted murder (Count 1), terroristic threatening (Count 2), sexual assault (Counts 3-7), kidnapping (Count 8), use of deadly or dangerous weapon (Count 9), and unauthorized control of propelled vehicle (Count 10).[5]  During trial the State introduced evidence recovered from CW's residence, including a utility knife found beneath the child's bed; a woman's pantie that was shredded and soaked with blood; and a comforter, a cloth towel, and paper towels, all stained with blood.  CW testified that she used paper towels to wipe herself after Smith's sexual assaults.  Photographs showing blood and slash marks on the walls of the child's bedroom and blood on a living room couch and the hallway walls were also admitted into evidence.

The jury found Smith guilty of the following offenses:

> **Count 1:**  assault in the first degree under HRS § 707-710 as an included offense of attempted murder;[6]

---

[4]     A more detailed description of the facts and trial proceedings is contained in Smith I, 106 Hawaiʻi at 369-72, 105 P.3d at 246-49.

[5]     The circuit court granted Smith's oral motion for judgment of acquittal on Count 10.

[6]     HRS § 707-710 (1993) provided:

> **§ 707-710  Assault in the first degree.**  (1) A person commits the offense of assault in the first degree if the person intentionally or knowingly causes serious bodily injury to another person.

(continued...)

4

**Count 2:** terroristic threatening in the first degree under HRS § 707-716(1)(d);[7]

**Counts 3, 4, 5, and 6:** sexual assault in the first degree under HRS § 707-730(1)(a);[8]

**Count 8:** kidnapping under HRS § 707-720(1)(d);[9] and

---

[6] (...continued)
(2)    Assault in the first degree is a class B felony.

[7] HRS § 707-716 (1993) provided, in relevant part:

**§ 707-716 Terroristic threatening in the first degree.** (1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:

. . . .

(d)    With the use of a dangerous instrument.

(2)    Terroristic threatening in the first degree is a class C felony.

[8] HRS § 707-730 (1993) provided, in relevant part:

**§ 707-730 Sexual assault in the first degree.** (1) A person commits the offense of sexual assault in the first degree if:

(a)    The person knowingly subjects another person to an act of sexual penetration by strong compulsion[.]

. . . .

(2)    Sexual assault in the first degree is a class A felony.

[9] HRS § 707-720 (1993) provided, in relevant part:

**§ 707-720 Kidnapping.** (1) A person commits the offense of kidnapping if the person intentionally or knowingly restrains another person with intent to:

. . . .

(d)    Inflict bodily injury upon that person or subject that person to a sexual offense[.]

. . . .

(2)    Except as provided in subsection (3), kidnapping is a class A felony.

(3)    In a prosecution for kidnapping, it is a defense which reduces the offense to a class B felony that the defendant voluntarily released the victim, alive and not

(continued...)

5

> **Count 9**: use of a deadly or dangerous weapon in commission of a crime under HRS § 134-51(b).[10]

The jury found Smith not guilty on Count 7 (sexual assault). A judgment of acquittal on Count 7 was entered on June 25, 2001.

The jury also answered the following interrogatories:

> With regard to Count Eight, Kidnapping, please answer the following questions:
>
> 1.  Has the prosecution proven beyond a reasonable doubt that the Defendant did not release [CW] voluntarily?
>
>     **X** Yes          ___ No
>
> 2.  Has the prosecution proven beyond a reasonable doubt that the Defendant did not release [CW] alive and not suffering from serious or substantial bodily injury: [sic]
>
>     **X** Yes          ___ No
>
> 3.  Has the prosecution proven beyond a reasonable doubt that the Defendant did not release [CW] in a safe place prior to trial?
>
>     **X** Yes          ___ No

On November 20, 2002, circuit court judge Shackley F. Raffetto entered the Original Sentence:

> TWENTY (20) YEARS, CTS. 3, 4, 5, 6
> TERMS TO RUN CONCURRENT TO EACH OTHER
> TEN (10) YEARS, CTS. 1, 8
> TERMS TO RUN CONSECUTIVE TO EACH OTHER
> FIVE (5) YEARS, CTS. 2, 9
> TERMS TO RUN CONCURRENT TO EACH OTHER
>
> . . . .
>
> COUNTS 3, 4, 5, AND 6 TO RUN CONSECUTIVE TO COUNTS 1 AND 8 AND COUNTS 2 AND 9, FOR A TOTAL OF FORTY-FIVE (45) YEARS.

---

[9] (...continued)
suffering from serious or substantial bodily injury, in a safe place prior to trial.

[10] HRS § 134-51 (1993) provided, in relevant part:

> **§ 134-51 Deadly weapon; prohibitions; penalty.** . . .
>
> (b) Whoever knowingly possesses or intentionally uses or threatens to use a deadly or dangerous weapon while engaged in the commission of a crime shall be guilty of a class C felony.

**Direct Appeal**

Smith appealed.  He contended, among other things, that the trial court abused its discretion by sentencing him to extended terms of imprisonment.  Smith I, 106 Hawai‘i at 378, 105 P.3d at 255.  We noted that Smith was sentenced to consecutive, not extended, terms of imprisonment pursuant to HRS § 706-668.5,[11] after the trial court considered the sentencing factors set forth in HRS § 706-606.[12]  We rejected Smith's other

---

[11]     HRS § 706-668.5 (1993) provided:

> **§ 706-668.5  Multiple sentence of imprisonment.**
> (1) If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively.  Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms run consecutively. . . .
>
> (2)    The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.

[12]     HRS § 706-606 (1993) provided:

> **HRS § 706-606 Factors to be considered in imposing a sentence.**  The court, in determining the particular sentence to be imposed, shall consider:
>
> (1)    The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    The need for the sentence imposed:
>
> > (a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
> >
> > (b)    To afford adequate deterrence to criminal conduct;
> >
> > (c)    To protect the public from further crimes of the defendant; and
> >
> > (d)    To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(continued...)

7

contentions and affirmed the Original Sentence.  Smith's application for writ of certiorari was denied.  <u>State v. Smith</u>, 106 Hawaiʻi 477, 106 P.3d 1120 (Table) (2005).

### First Rule 40 Petition

On July 29, 2013, Smith filed a petition[13] under HRPP Rule 40.[14]  Smith contended: (1) he was denied the right to an impartial judge; (2) he received ineffective assistance of counsel at trial, during sentencing, and in his direct appeal; (3) he was deprived of discovery and access to evidence; (4) the jury was tampered with; and (5) the trial court erroneously instructed the jury about reasonable doubt.  The circuit court denied the petition.  Smith appealed.  We affirmed, concluding that all of Smith's claims were either previously raised and ruled upon or were without merit.  <u>Smith v. State</u>, No. CAAP-13-0005313, 2015 WL 4608127, at *3 (Haw. App. July 31, 2015) (SDO)

---

[12]    (...continued)

      (3)    The kinds of sentences available; and

      (4)    The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

[13]    The petition was docketed in the Second Circuit as S.P.P. No. 13-1-0008 and is available in JIMS as case 2PR131000008.

[14]    HRPP Rule 40 provides, in relevant part:

POST-CONVICTION PROCEEDING.

**(a)    Proceedings and grounds. . . .**

(1)    FROM JUDGMENT.  At any time but not prior to final judgment, any person may seek relief under the procedure set forth in this rule from the judgment of conviction, on the following grounds: (i) that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawaiʻi; (ii) that the court which rendered the judgment was without jurisdiction over the person or the subject matter; (iii) that the sentence is illegal; (iv) that there is newly discovered evidence; or (v) any ground which is a basis for collateral attack on the judgment.

(Reformatted.)

(**Smith II**). Smith's application for writ of certiorari was denied. <u>Smith v. State</u>, No. SCWC-13-0005313, 2015 WL 6966318 (Haw. Nov. 10, 2015).

### Motion to Recalculate Sentence

On October 27, 2015 (while the application for writ of certiorari in <u>Smith II</u> was pending), Smith filed a motion to recalculate his multiple terms of imprisonment under Act 194 of the 2015 legislative session.[15] The motion was filed in the special prisoner proceeding created when Smith filed the First Rule 40 Petition, addressed in <u>Smith II</u>. The circuit court noted that the judgment on appeal in <u>Smith II</u> had been entered, but stated it was "unable to ascertain whether it has jurisdiction" because it did not know whether Smith had petitioned for certiorari. The circuit court denied the motion "without prejudice to the issue being raised in the proper proceeding." Smith appealed. We affirmed, holding:

> Smith filed his [motion to recalculate sentence] at a time when [<u>Smith II</u>] was on appeal. Therefore, the Circuit Court was correct that Smith's, [sic] filing of the Motion to Recalculate Sentence . . . was not "proper." . . . In any event, the Circuit Court denied the Motion to Recalculate Sentence without prejudice to Smith raising his Act 194 claim in another proceeding. Because Smith is free to file an HRPP Rule 40 petition raising a claim under Act 194, and given the muddled record relating to his Act 194 claim, we conclude that the Circuit Court did not err in denying without prejudice Smith's Motion to Recalculate Sentence.

<u>Smith v. State</u>, No. CAAP-15-0000920, 2017 WL 384096, at *3 (Haw. App. Jan. 27, 2017) (SDO) (**Smith III**).

---

[15]    Act 194 amended HRS § 706-668.5 effective July 1, 2015, by adding subsection (3). 2015 Haw. Sess. Laws Act 194, § 1 at 587, <u>available at</u> <u>https://www.capitol.hawaii.gov/session2015/bills/GM1295_.pdf.</u>

**Second Rule 40 Petition**

On May 31, 2017, Smith filed a second petition for post-conviction relief.[16] Smith contended that: (1) the circuit court's imposition of consecutive sentences violated his right to a fair trial, and the court failed to consider all statutory sentencing factors or state its reason for imposing multiple consecutive sentences; (2) the court improperly "based the severity of sentencing on [Smith's] failure to take responsibility and admit guilt"; (3) the court failed to instruct the jury on the possibility of merger of Count 1 (assault) and Count 8 (kidnapping); and (4) appellate counsel was ineffective for failing to previously raise issues regarding the omission of a merger instruction and the circuit court's "penalizing [Smith] for the court's lack of remorse perception[.]" Smith v. State, No. CAAP-18-0000079, 2020 WL 2790498, at *2 (Haw. App. May 29, 2020) (mem.) (**Smith IV**) (brackets in original). On December 12, 2017, the circuit court denied the petition without a hearing. Smith's motion for reconsideration was also denied. Smith appealed.

In that appeal we took judicial notice of the separate proceeding pending on Smith's December 27, 2017 Motion to Review Consecutive Sentence (at issue in this appeal). Smith IV, 2020 WL 2790498, at *5. We held that Smith's argument that his sentence was illegal was moot because of the pendency of the Motion to Review Consecutive Sentence. Id. However, we held that the circuit court's failure to instruct the jury about the possible merger of Counts 1 (assault) and 8 (kidnapping) was plain error. We remanded the case for the State to either "remedy the merger-instruction error by dismissing one of the two counts that could potentially merge or, if the State chooses, the State may retry Smith on both counts." Id. at *10. The judgment on appeal was entered on July 2, 2020. Smith did not petition

---

[16] The second Rule 40 petition was docketed in the Second Circuit as S.P.P. No. 17-1-0008 and is available in JIMS as case 2PR171000008.

for certiorari.  We take judicial notice that the State has not yet initiated proceedings on remand.  See Rule 201, Hawai'i Rules of Evidence, Chapter 626, Hawaii Revised Statutes (2016).  JIMS case 2PC990000325.

### Motion to Review
### Consecutive Sentence

On December 27, 2017, Smith filed the Motion to Review Consecutive Sentence.  He contended that: (1) he had a right to have his sentence reviewed under HRS § 706-668.5(3);[17] and (2) his consecutive sentences were illegal because the sentencing court did not adequately explain its rationale for imposing consecutive sentences, as required by State v. Barrios, 139 Hawai'i 321, 389 P.3d 916 (2016).  The Motion to Review Consecutive Sentence cited neither HRPP Rule 35[18] nor HRPP Rule 40.

On November 21, 2018, the circuit court entered the Order Denying Motion to Review Consecutive Sentence.  Circuit court judge Peter T. Cahill found, among other things:

> 11.   The Court finds that two separate issues arise, the first involving a request to review the consecutive sentencing under the statute [HRS § 706-668.5(3)], and secondly, a separate issue of HRPP Rule 40 illegality of the sentence.

---

[17]   See note 2.

[18]   HRPP Rule 35 provides, in relevant part:

> **(a) Correction of Illegal Sentence.**  The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.  A motion made by a defendant to correct an illegal sentence more than 90 days after the sentence is imposed shall be made pursuant to Rule 40 of these rules. . . .

> **(b) Reduction of Sentence.**  The court may reduce a sentence within 90 days after the sentence is imposed[.] . . . A motion to reduce a sentence that is made within the time prior shall empower the court to act on such motion even though the time period has expired.  The filing of a notice of appeal shall not deprive the court of jurisdiction to entertain a timely motion to reduce a sentence.

12. The Court finds that under [an HRS § 706-668.5] motion to review, the trial court only need go back and look at the judgment and review whether the sentencing judge specified consecutive sentences. ***The court finds that the sentencing judge intended to impose consecutive sentencing***.

13. The Court finds in a motion to review, the legal reasoning of <u>State v. Barrios</u>, 139 [Hawai'i] 321, 389 P.3d 916 (2016), may not be applied retroactively to evaluate the sentencing court's considerations.[19]

14. However, the court finds that there are clear errors in the original sentence imposed and the sentence is illegal because it was based on something contrary to the jury's decision.

. . . .

18. The court may correct an illegal sentence at any time. Under HRPP Rule 35 a defendant must file a motion to correct an illegal sentence <u>within</u> 90 days of the sentence being imposed.

19. A motion made by a defendant to correct an illegal sentence more than 90 days <u>after</u> the sentence is imposed shall be made pursuant to HRPP Rule 40.

20. A defendant is entitled to have ***all*** of the issues raised in this proceeding reviewed under HRPP Rule 40.

21. As defendant's court-appointed counsel, [counsel] is directed to refile his motion as an HRPP rule [sic] 40 proceeding.

(emphasis added) (underscoring in original). Judge Cahill concluded:

1. The Court holds that a review under HRS § 706-668.5 involves the court simply looking at whether the defendant's judgment specified that the sentences were to run consecutive [sic].

Judge Cahill held that the consecutive sentences originally imposed by Judge Raffetto were legal because Judge Raffetto "intended to impose consecutive sentencing."

However, Judge Cahill found that the Original Sentence was illegal in part, because Smith's kidnapping conviction should

---

[19] Smith does not challenge this finding, which is actually a conclusion of law and consistent with <u>State v. Hussein</u>, 122 Hawai'i 495, 510, 229 P.3d 313, 328 (2010) ("Consequently, <u>after the filing date of the judgment herein</u>, circuit courts must state on the record at the time of sentencing the reasons for imposing a consecutive sentence.") (underscoring added).

12

have been sentenced as a class A felony, not as a class B felony, based on the jury's answers to interrogatories. Attached to Smith's Motion to Review Consecutive Sentence was a copy of the transcript of proceedings on November 20, 2002, Smith's original sentencing hearing. The transcript stated:

> THE COURT: Thank you, counsel. Very well, then, the Court is doing [sic] to go ahead and impose sentence as follows.
>
> [Deputy Prosecuting Attorney]: Could I say one thing? The pre-sentence report -- Page 13 of the pre-sentence report reflects the kidnapping charge is a Class B felony, but that is not accurate. The jury found facts for Class A, so this is a Class A felony kidnapping.
>
> . . . .
>
> THE COURT: I am not sure of that. Okay. I was the trial judge in the case, so I am very familiar with the facts that were produced at trial and based upon that[.]

Judge Raffetto erroneously sentenced the kidnapping count as a class B, not a class A, felony. Judge Cahill directed Smith to refile the Motion to Review Consecutive Sentence as an HRPP Rule 40 petition.

### Third Rule 40 Petition

On January 2, 2019, as directed by the circuit court, Smith filed another HRPP Rule 40 petition.[20] Smith contended that the Original Sentence was illegal, and asked to be resentenced.

On March 20, 2019, the circuit court entered findings of fact, conclusions of law, and an order granting the petition. Smith did not appeal from that order. The circuit court found, among other things:

> 8. After jury trial, Smith was sentenced upon convictions for: four counts of sexual assault in the first degree ("A" felony, 20 year term); Assault 1 and Kidnap[p]ing (each as [sic] "B" felony, 10 year term); and

---

[20] A new JIMS case, 2PR191000001, was opened as a result of the filing.

13

Terroristic Threatening 1 and Use of a Deadly Weapon (each [a] "C" felony, five year term). There was an issue as to whether the Kidnapping conviction was an "A" or "B" grade conviction.

9. The trial court imposed multiple consecutive sentences. [Smith] would serve all of the "A" felony charges for sexual assault concurrently for a 20 year sentence. The "B" felony charges of 10 years would be served consecutively for 20 years. The trial court ruled that only the "A" felony charges were concurrent, and all other charge levels with respect to each other, were consecutive.

10. On the judgment, it provides the "C" felony charges would be served concurrent for 5 years. The kidnapping would be a "B" felony, and the two "B" felonies would be consecutive to each other. Also, each of the different grade level terms would be consecutive to each other such that [Smith} was given a 45 year sentence (20+10+10+5).

11. The Kidnapping conviction should have been an "A" felony because the jury answered interrogatories for the kidnapping verdict answering yes to each question that [Smith] did not release CW voluntarily; without serious or substantial bodily injury; or in a safe place.

12. The court finds that there is an inconsistency between the jury's findings and the trial verdict; the sentencing transcript and the judgment as to the grade of the Kidnapping conviction; and application of consecutive sentencing with regards to the "C" felonies and other levels, depending upon whether the Kidnapping conviction was an "A" felony, and/or there was only one "B" felony conviction and only 10 years consecutive (since there would be only one grade level charge).

          . . . .

15. The court finds that the "B" kidnapping was erroneous, and then when it was run consecutive to the other "B" felony, such was a clear illegal sentence because [Smith] was not found guilty of "B" felony kidnapping and the sentence was based upon something other than the jury's finding.

16. The Court finds that another inconsistency is if Kidnapping was an "A" felony, whether it would be concurrent like the other "A" felonies, such that it would change the overall consecutive sentence (with only one "B" felony providing only "one" 10 year term in that grade of offense).

17. The Court finds that the trial court's sentence at sentencing hearing, [sic] does not match the judgment entered following conviction and the Court finds this sentence illegal.

The circuit court concluded:

> 4. When the Court finds something in the record that is clearly erroneous with regards to how the sentence was determined (<u>calculated</u>), the trial court must review the potentially illegal sentence.
>
> 5. The Court holds that an inconsistency in the sentence when based upon something other than the jury's finding, gives rise to an illegal sentence.
>
> . . . .
>
> 7. The jury found that the kidnapping conviction was an "A" felony, yet the trial court treated it as a "B" felony. Since "A" felonies were to be sentenced concurrently with each other, there is a discrepancy because there would be only one "B" felony and no consecutive sentencing between two "B" felonies. Consecutive sentencing between the different grade levels would be 20 + 10 +[ ]5, which is different than the 45 imposed by the sentencing court.
>
> 8. The Court holds that the trial court sentence at sentencing is inconsistent and/or does not reconcile with the judgment entered and the jury's findings, and does not clearly denote the consecutive sentences.
>
> 9. The Court holds that the sentence of [Smith] is illegal and the Petition is granted.
>
> 10. The ~~sentence will be vacated simultaneously with a re-sentencing with an amended judgment of conviction upon Defendant~~ ***defendant shall be resentenced*** in the underlying criminal case at a further hearing indicated below.

(original text stricken, and handwriting (shown in bold italics) added, by circuit court).

**Resentencing**

On May 2, 2019, the circuit court entered the 2019 Sentence in the Criminal Case. The sentence for kidnapping was increased from 10 to 20 years because of the jury's finding that Smith committed a class A felony rather than a class B felony, to run concurrently with the sentence for the other class A felonies (Counts 3-6 for sexual assault). The 10-year term for the sole remaining class B felony (Count 1 for assault in the first degree) was to run consecutively to the concurrent 20-year terms for the class A felonies. The 5-year sentences on the class C felonies (Counts 2 and 9) would run concurrently with each other

and concurrently with the consecutive sentences on Counts 1, 3-6, and 8.  That resulted in Smith's total sentence being reduced from 45 to 30 years.  Smith filed a notice of appeal on July 1, 2019.

### Motion to Reduce Sentence

Also on July 1, 2019, in the Criminal Case, Smith filed his Motion to Reduce Sentence because of his medical condition, pursuant to HRPP Rule 35(b).  The State opposed the motion. Smith filed reply and supplemental memoranda.  The circuit court entered the Order Denying Motion to Reduce Sentence on September 20, 2019.  Smith filed an amended notice of appeal the same day.

### APPELLATE JURISDICTION

"An appellate court has an independent obligation to ensure jurisdiction over each case[.]"  State v. Diaz, 128 Hawaiʻi 215, 222, 286 P.3d 824, 831 (2012) (cleaned up).  "The right of appeal in a criminal case is purely statutory and exists only when given by some constitutional or statutory provision." State v. Nicol, 140 Hawaiʻi 482, 485-86, 403 P.3d 259, 262-63 (2017) (citations omitted).

HRS § 641-11 (2016) provides for appeals from circuit court criminal proceedings:

> Any party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court.  The sentence of the court in a criminal case shall be the judgment.  All appeals shall be filed with the clerk of the supreme court and shall be subject to one filing fee.

(Underscoring added.)

> In keeping with the identification of the "sentence" as the "judgment" as relating to issues of timing rather than scope, appellate courts of this jurisdiction have not interpreted HRS § 641-11 solely by considering whether or not the relevant decision contained an order of punishment or other formal pronouncement of guilt.  Rather, . . . in

> determining whether dispositions are subject to appeal under the statute, our courts have focused the inquiry on whether the relevant order <u>terminated the proceedings</u> in the case and <u>left nothing further to be accomplished</u> by the lower court.

<u>Nicol</u>, 140 Hawai'i at 492, 403 P.3d at 269 (underscoring added) (citations omitted).  Thus, "considerations of finality are the primary focus in resolving questions of appealability under the [criminal appeal] statute."  <u>Id.</u> at 487, 403 P.3d at 264.  In addition, Rule 4 of the Hawai'i Rules of Appellate Procedure (**HRAP**) provides, in relevant part:

> **(b)   Appeals in criminal cases.**
>
>      (1)   TIME FOR FILING.  In a criminal case, the notice of appeal shall be filed within 30 days after entry of the judgment or order appealed from.

Smith contends that the circuit court erroneously concluded (in the Order Denying Motion to Review Consecutive Sentence) that HRS § 706-668.5 requires only that the reviewing court determine whether consecutive sentencing was specifically imposed.  Judge Cahill found that Judge Raffetto intended to impose consecutive sentencing.  However, Judge Cahill also determined that the Original Sentence was illegal because Count 8 (kidnapping) had been sentenced as a class B felony, when it should have been sentenced as a class A felony based on the jury's answers to interrogatories.  Judge Cahill directed Smith to refile the motion as an HRPP Rule 40 petition.

The Order Denying Motion to Review Consecutive Sentence did not terminate the proceedings in the Criminal Case because the illegal sentence issue remained to be determined, albeit in an HRPP Rule 40 proceeding.  The illegal sentence issue was resolved by entry of the 2019 Sentence on May 2, 2019.  Smith obtained an extension of time until July 2, 2019, to file a notice of appeal.  His notice of appeal was filed on July 1, 2019.  The timely appeal from the 2019 Sentence also brought up for review the Order Denying Motion to Review Consecutive

Sentence. See State v. Adam, 97 Hawaiʻi 475, 482, 40 P.3d 877, 884 (2002) (stating the general rule that appeal from final judgment brings up for review all preceding interlocutory orders).

Smith also contends that the circuit court abused its discretion by denying his Motion to Reduce Sentence. The Order Denying Motion to Reduce Sentence was entered on September 20, 2019. Smith filed an amended notice of appeal the same day. But "an amended notice of appeal relates back to the notice of appeal it purports to amend, it does not appeal an order, judgment, or decree entered subsequent to the notice of appeal it purports to amend." Enos v. Pac. Transfer & Warehouse, Inc., 80 Hawaiʻi 345, 355–56, 910 P.2d 116, 126–27 (1996) (citation omitted). The Order Denying Motion to Reduce Sentence was a separately appealable post-judgment order. See State v. Kong, No. CAAP-15-0000066, 2016 WL 6997646, at *2 (Haw. App. Nov. 29, 2016) (mem.), vacated on other grounds, 140 Hawaiʻi 103, 398 P.3d 692 (2017) (holding that post-judgment order denying HRPP Rule 35(b) motion to reduce sentence is appealable in its own right). Smith should have filed a new notice of appeal within 30 days from September 20, 2019. He did not.

However, "[i]n numerous cases, and under varying cir-cumstances, [the supreme] court and the ICA have heard appeals in criminal cases despite the fact that the attorney failed to perfect the appeal, or that the appeal was not timely filed." In re RGB, 123 Hawaiʻi 1, 60, 229 P.3d 1066, 1125 (2010) (citing cases). "The rationale underlying some of the . . . cases was that the defendant was denied due process due to counsel's failure to perfect the appeal." Id. Accordingly, we have jurisdiction to review Smith's appeal from the Order Denying Motion to Reduce Sentence, notwithstanding his counsel's imperfect attempt to file an appeal. Cf. (Villados v. State, 148 Hawaiʻi 386, 477 P.3d 826 (2020) (in HRPP Rule 40 proceeding, where ineffectiveness of counsel resulted in petitioner-

defendant's untimely application for writ of certiorari in direct appeal from conviction, petitioner-defendant should be entitled to re-petition for certiorari in direct appeal)); (State v. Uchima, 147 Hawaiʻi 64, 464 P.3d 852 (2020) (asserting jurisdiction over untimely certiorari application where counsel admitted ineffective assistance by failing to effectuate timely filing)).

## STANDARDS OF REVIEW

### Sentencing

> A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions. And, generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

State v. Kong, 131 Hawaiʻi 94, 101, 315 P.3d 720, 727 (2013) (citations omitted). "The weight to be given the factors set forth in HRS § 706-606 in imposing sentence is a matter generally left to the discretion of the sentencing court, taking into consideration the circumstances of each case." Id. (citation omitted).

### Findings of Fact

We review findings of fact under the "clearly erroneous" standard. Birano v. State, 143 Hawaiʻi 163, 181, 426 P.3d 387, 405 (2018). A finding of fact is clearly erroneous when the record lacks substantial evidence to support the finding or when, despite some evidence to support the finding, we are left with the definite and firm conviction in reviewing all of the evidence that a mistake has been committed. Id. "[S]ubstantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to

19

support a conclusion."  In re Grievance Arbitration Between State of Hawaiʻi Organization of Police Officers and County of Kauaʻi, 135 Hawaiʻi 456, 462, 353 P.3d 998, 1004 (2015) (citations omitted).

### Conclusions of Law

We review conclusions of law under the "right/wrong" standard.  Estate of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007).  A conclusion of law that is supported by the trial court's findings of fact and reflects an application of the correct rule of law will not be overturned. Id.

## DISCUSSION

Smith contends: **(1)** the circuit court erroneously concluded that HRS § 706-668.5 requires only that the reviewing court examine the original judgment to determine whether the sentencing court specifically imposed consecutive sentences; **(2)** the 2019 Sentence erroneously imposed a new sentence for kidnapping that was more severe than the Original Sentence; **(3)** the circuit court "abused its discretion in imposing a consecutive sentence, and should have entered a concurrent sentence on all charges" under Barrios; and **(4)** the circuit court abused its discretion by denying the Motion to Reduce Sentence.

### 1.   Order Denying Motion to Review Consecutive Sentence

Smith's first point of error challenges finding of fact no. 12 and conclusion of law no. 1 in the Order Denying Motion to Review Consecutive Sentence:

> 12.   The Court finds that under [an HRS § 706-668.5] motion to review, the trial court only need go back and look at the judgment and review whether the sentencing judge specified consecutive sentences. ***The court finds that the sentencing judge intended to impose consecutive sentencing.***
>
> . . . .

> 1.    The Court holds that a review under HRS § 706-668.5 involves the court simply looking at whether the defendant's judgment specified that the sentences were to run consecutive [sic].

(Emphasis added.)

This point of error requires that we review the history of HRS § 706-668.5 ("Multiple sentence of imprisonment").  When the statute was enacted in 1986, it provided, in relevant part:

> (1)    If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively.  Multiple terms of imprisonment imposed **at the same time** run **concurrently** unless the court orders or the statute mandates that the terms run consecutively.  Multiple terms of imprisonment imposed **at different times** run **consecutively** unless the court orders that the terms run concurrently.

HRS § 706-668.5 (Supp. 1986) (bold italics added.)

The statute was amended in 2008:

> (1) If multiple terms of imprisonment are imposed on a defendant<u>, whether</u> at the same time[<del>,</del>] <u>or at different times</u>, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively.  Multiple terms of imprisonment [~~imposed at the same time~~] run **concurrently** unless the court orders or the statute mandates that the terms run consecutively. [~~Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms run concurrently.~~]

2008 Haw. Sess. Laws Act 193, § 1 at 714 (<u>additions look like this</u>, [~~deletions look like this~~]) (bold italics added); <u>see also</u> HRS § 706-668.5 (Supp. 2008).  The amendment took effect on June 18, 2008.  <u>Id.</u> § 4.

In 2015, the legislature passed Act 194, which added a new subsection (3) to HRS § 706-668.5:

> (3)    For terms of imprisonment imposed prior to June 18, 2008, the department of public safety shall post written notice in all inmate housing units and the facility library at each correctional facility for a period of two months and send written notice to the defendant no later than January 1, 2016, that shall include but not be limited to:

> (a)   Notice that the department of public safety may recalculate the multiple terms of imprisonment imposed on the defendant; and
>
> (b)   Notice of the defendant's right to have the court review the defendant's sentence.

2015 Haw. Sess. Laws Act 194, § 1 at 587, underline available at

https://www.capitol.hawaii.gov/slh/Years/SLH2015/SLH2015_Act194.pdf.

The legislative committee report states:

> The purpose and intent of this measure is to:
>
> (1)   Require multiple terms of imprisonment imposed on a defendant prior to June 18, 2008, to run concurrently **unless the court orders** or statute mandates **that the terms run consecutively**[.]
>
> . . . .
>
> Your Committees find that from 1986 through 2008, section 706-668.5, Hawaii Revised Statutes (HRS), provided multiple terms of imprisonment imposed at different times to run consecutively unless the court specifically ordered that the terms run concurrently.  On June 18, 2008, Act 193, Session Laws of Hawaii 2008 (Act 193), was enacted, and section 706-668.5, HRS, was amended to provide multiple terms of imprisonment to run concurrently unless the court orders or the statute mandates that the terms run consecutively.  Accordingly, **for multiple terms of imprisonment, the default sentencing changed from the terms running consecutively to running concurrently** unless the court or statute specifically mandated otherwise.  Due to concerns regarding inconsistencies in determining whether multiple imprisonment sentences were to be served concurrently or consecutively, **this measure attempts to treat defendants sentenced to multiple terms of imprisonment prior to June 18, 2008, the same as those defendants sentenced on and after June 18, 2008.**

S. Stand. Comm. Rep. No. 281, in 2015 Senate Journal, at 919,

available at

https://www.capitol.hawaii.gov/session2015/CommReports/SB213_SD1_SSCR2

81_.pdf (bold italics added).  The conference committee report

similarly states:

> This measure attempts to bring parity to the treatment of defendants sentenced to multiple terms prior to the effective date of Act 193, which is June 18, 2008, and those sentenced to multiple terms after that date while providing defendants with adequate notice regarding the possibility of their multiple terms of imprisonment being recalculated by the Department and their rights to have the court review their sentences.

Conf. Comm. Rep. No. 158, in 2015 Senate Journal, at 796, 2015 House Journal, at 1399, available at https://www.capitol.hawaii.gov/session2015/CommReports/SB213_CD1_CCR158_.pdf.

Judge Cahill's statements during Smith's resentencing hearing were consistent with the legislature's stated intent behind Act 194:

> Isn't the whole purpose of [HRS § 706-668.5] . . . because the DPS [Department of Public Safety] and the paroling authority does [sic] not have access to the transcripts unless they're ordered . . . it's the judgment that controls what the sentence is.
>
> Prior to 2008, if the . . . judgment did not specify concurrent sentences or was left blank, the default was that the defendant was sentenced to consecutive sentence [sic]. That's the law, right? That's what was done.
>
> . . . .
>
> . . . But then they changed the law and said that the default position will now be, is if the judgment does not specify consecutive or concurrent, the default will be that it is concurrent sentences.
>
> And when the new statute comes in in 2015, the legislature says to these folks that are in prison, oh, you've got to give them notice because your sentence may be reviewed or recalculated by DPS, but there's no guidance, there's nothing to indicate what's going to be done. What are they supposed to look at?
>
> Well, the only thing that DPS could be looking at is the judgment. And it appears that . . . the legislature said, ***look, there might be an area of unfairness here because someone sentenced . . . on June 17th, 2008, where the judgment didn't specify what the sentence would be, would get consecutive sentences, and someone sentenced on June 19th, the day after the statute went into effect in 2008, and it didn't specify, would get concurrent sentences, even if the -- even if the crimes were exactly the same***. As a matter of fact, even if it was the same defendant and the same judge, it would just be automatic.
>
> And I think they said, well, look, that doesn't look to be too fair, so you can go back and have a Court review.
>
> . . . [I]sn't really the function at this point is to go back and look at the judgment, which in this case it's consecutive, but then look at what the sentencing judge did to determine whether [the judge] specified consecutive sentences, and if [the judge] did, then that's the only review [the defendant]'s entitled to under this new law, not under a Rule 40 illegality of sentence? I think that's a separate issue.

(Bold italics added.)

Smith was originally sentenced on November 20, 2002, to multiple terms of imprisonment. At that time HRS § 706-668.5 stated that the terms were to run concurrently "unless the court orders . . . that the terms run consecutively." HRS § 706-668.5 (1993). The Original Sentence entered by Judge Raffetto specified:

> COUNTS 3, 4, 5, AND 6 TO RUN CONSECUTIVE TO COUNTS 1 AND 8 AND COUNTS 2 AND 9, FOR A TOTAL OF FORTY-FIVE (45) YEARS.

Judge Cahill reviewed the Original Sentence and correctly found that Judge Raffetto ordered Smith to serve consecutive sentences. Finding of fact no. 12 was not clearly erroneous.

We also hold that conclusion of law no. 1 correctly applied Act 194 to the facts of this case, where the Original Sentence specified which of the multiple terms of imprisonment were to run consecutively.[21] Smith was not serving consecutive prison terms by default under the pre-June 18, 2008 version of HRS § 706-668.5; the Original Sentence specifically ordered the consecutive terms. The Order Denying Motion to Review Consecutive Sentence is affirmed.

### 2.   **2019 Sentence**

Smith acknowledges that the jury found he did not voluntarily release CW, not suffering from serious or substantial bodily injury, in a safe place prior to trial, and that count 8 (kidnapping) should accordingly have been sentenced as a class A felony (20 years) rather than a class B felony (10 years).[22] He

---

[21]   We express no opinion about how a court reviewing an Act 194 petition should proceed in a case in which multiple terms of imprisonment were imposed before June 18, 2008, but the judgment did not specify whether the terms were to be served consecutively or concurrently with a previously imposed sentence.

[22]   The State did not challenge the Original Sentence, possibly because Judge Raffetto imposed the 10-year class B felony kidnapping sentence to be served consecutively with the 20-year class A felony sentences and to

(continued...)

makes several arguments about why Judge Cahill erred by increasing his kidnapping sentence from 10 years to 20 years. The one we find dispositive is based upon HRS § 706-609 (2014). That statute provides:

> When a conviction or sentence is set aside on direct or collateral attack, the court shall not impose a new sentence for the same offense, or for a different offense based on the same conduct, which is more severe than the prior sentence.

HRS § 706-609 "prevents a sentencing court from issuing a more severe sentence after the initial sentence has been set aside upon review." State v. Samonte, 83 Hawaiʻi 507, 542, 928 P.2d 1, 36 (1996) (citing Keawe v. State, 79 Hawaiʻi 281, 289, 901 P.2d 481, 489 (1995)). The statute "reflects a strong policy in favor of protecting a defendant's exercise of the right to challenge [their] conviction or sentence by restricting the sentencing court's discretion so as to guard against deterring or chilling a defendant's exercise of the right to mount such a challenge." Fukusaku v. State, 126 Hawaiʻi 555, 563, 273 P.3d 1241, 1249 (App. 2012). In Fukusaku we noted that:

> The commentary to HRS § 706-609 explains that there are three reasons for adopting this rule:
>
> First, the only argument which can justify an increase following a re-trial is that the original sentence was too light, either because the first judge was too lenient or because new facts have been presented. However, the only class of persons who are vulnerable to this argument consists of those who have exercised the right to challenge their convictions. There is no basis for believing that there exists any rational correspondence between this group and those offenders who may indeed deserve an increase.
>
> Second, the risk of a greater sentence as the result of the assertion of the right of review necessarily acts as a deterrent to the exercise of the right.
>
> Third, a contrary position would require the difficult inquiry into the motivation of the judge who imposed the new sentence. Although it is clear that greater punishment should not be inflicted on the defendant because [they have] asserted [their] right to appeal, some judges have imposed

---

[22] (...continued)
the other class B felony sentence (for assault).

> harsher sentences because of lack of sympathy with the constitutional rights asserted by some defendants, and in a frank attempt to minimize the numbers who will assert such rights in the future. Therefore adopting a contrary position would necessitate in every case a factual inquiry to determine the motivation of the judge who imposed the new sentence.

Id. at 562–63, 273 P.3d at 1248–49 (cleaned up and reformatted).

Here, Smith collaterally attacked the Original Sentence based upon HRS § 706-668.5(3). Judge Cahill correctly found that Judge Raffetto ordered Smith to serve consecutive sentences. In so doing, however, Judge Cahill reviewed the transcript of Smith's original sentencing hearing and concluded that Judge Raffetto erroneously sentenced Smith to 10 years on the kidnapping charge, rather than the 20 years that the jury's interrogatory answers mandated. At the continued hearing on Smith's Motion to Review Consecutive Sentence, Judge Cahill stated:

> Deputy Prosecuting Attorney Tengan, who tried this case, was very diligent, pointed out to the judge that the jury answered the question that the State had proved beyond a reasonable doubt the three elements to make this an A kidnap -- an A felony, not a B felony.
>
> During the sentence, the judge said, well, I'm giving [Smith] ten years on the kidnapping. [DPA] Tengan then says, well, Judge, wait, the jury found this. And he said, well, I sat through the trial and that's not what I remember.
>
> Recollections fade and it was erroneous.

Judge Cahill correctly concluded that the erroneous sentence was illegal. (State v. Delmondo, 67 Haw. 531, 533, 696 P.2d 344, 346 (1985) (noting when a sentence imposed does not comply with statutory requirements, the sentence is illegal)); (State v. Fry, 61 Haw. 226, 229, 602 P.2d 13, 16 (1979) (holding that sentence not conforming to statute was illegal)).

Under HRPP Rule 35(a), "[t]he court may correct an illegal sentence at any time[.]" Judge Cahill's correction to Smith's illegal sentence, however, conflicted with the plain language of HRS § 706-609. Under HRS § 706-609, it was error for

26

Judge Cahill to increase Smith's kidnapping sentence from 10 to 20 years after Smith collaterally attacked the Original Sentence. We vacate the 2019 Sentence and remand for resentencing consistent with this opinion.

### 3.    **Consecutive Sentences**

"A sentencing court has discretion to order multiple terms of imprisonment to run concurrently or consecutively. Kong, 131 Hawaiʻi at 101, 315 P.3d at 727 (citing HRS § 706-668.5 (Supp. 2008)).  Smith contends that Judge Cahill did not "adequately explain [his] rationale for imposing consecutive sentences."  The supreme court has held that "a [sentencing] court must state its reasons as to why a consecutive sentence rather than a concurrent one was required." State v. Hussein, 122 Hawaiʻi 495, 509, 229 P.3d 313, 327 (2010).  "[A] sentencing court should explain its rationale for each consecutive sentence in order to inform the defendant and appellate courts of the specific factors underlying each sentence." Barrios, 139 Hawaiʻi at 337, 389 P.3d at 932.

HRS § 706-606 (2014) provides:

> The court, in determining the particular sentence to be imposed, shall consider:
>
> > (1)    The nature and circumstances of the offense and the history and characteristics of the defendant;
> >
> > (2)    The need for the sentence imposed:
> >
> > > (a)    To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
> > >
> > > (b)    To afford adequate deterrence to criminal conduct;
> > >
> > > (c)    To protect the public from further crimes of the defendant; and

> > (d)  To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> >
> > (3)  The kinds of sentences available; and
> >
> > (4)  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

With respect to HRS § 706-606, the supreme court has also held:

> [T]he sentencing court is not required to articulate and explain its conclusions with respect to every factor listed in HRS § 706-606. Rather, it is presumed that a sentencing court will have considered all factors before imposing concurrent or consecutive terms of imprisonment under HRS § 706-606. Thus, the sentencing court is required to articulate its reasoning only with respect to those factors it relies on in imposing consecutive sentences.

Kong, 131 Hawaiʻi at 102, 315 P.3d at 728 (cleaned up).

When resentencing Smith, Judge Cahill explained:

> This was a trial before a jury. I read the entire transcript that [Smith's counsel] uploaded for his appeal. I read the first day, I read the jury selection, the testimony of every witness, the closing arguments. . . .
>
> > . . . .
>
> This was a horrific crime. And the jury convicted him. And I realize Mr. Smith has stood steadfast on some of the matters that the jury convicted him of. But nonetheless, the conviction is there. It stood the test of an appeal. And more importantly, it stood the test of time.
>
> The child in this case was the child of the defendant and the victim, [CW]. What as [sic] horrible circumstance. In the PSI [presentence investigation], [CW] wrote an original letter. And in the original letter, she asked for the maximum. So this change of heart may be as a result of time, but it's somewhat questionable at this point.
>
> I have some concerns that the victim is being asked to be the person who is put on the spot to determine the sentence. In other words, it's your fault he's serving the consecutive sentence because that's what you asked for. I realize that wasn't the intent. And let's just say, I won't take it as that, but I do have some concerns about that.
>
> In the original PSI, [CW] wrote a letter. I think she appeared at sentencing as well. I don't recall off the top of my head, but she said in there that she had her child

under some psychological care, that [the child] was suffering from post-traumatic stress disorder.

. . . .

On the morning of this crime when [CW] fled the house to go seek help at the neighbors, it struck me as absolutely incredible. She was so frightened, she left her three-year-old [child] in the house with Mr. Smith, ran next door, the neighbor wasn't there, then ran across the street screaming for help. The lady responded, got her husband to help. And the next thing that happened to [CW] was she looks and she sees her three-year-old exit the house [alone], and she ran to get [her child]. That's an extraordinary circumstance.

. . . .

Judge Raffetto imposed consecutive sentences. And consecutive sentences are appropriate in this case.

. . . .

. . . [I]n this particular case, I have reviewed the sentencing factors under [HRS § ]706-606. And I have looked very carefully at this record. And the sentence must reflect the seriousness of the offense to promote respect for law and to provide just punishment for the offense.

[Smith] was convicted of multiple sexual assaults in the first degree upon the victim. He slashed her with a knife. And I understand she may have been released from the hospital, but I was taken truly with Dr. Pedro Giron's testimony. . . .

He described where he had to pry open the victim's eyes, the eyelids because they were so swollen that -- in order to see whether there was any damage to the eye. That's how bad it was. She had slashes to her lower torso and limbs. And then there were the threats that she testified to.

. . . .

So in considering sentencing to reflect the seriousness of the crime, this was a horrific attack of assault, and the victim was traumatized.

. . . .

So there must be adequate deterrence in a 20-year sentence where there were repeated sexual assaults. But he's only going to be sentenced concurrent, as well as the actual assault, which was separate and distinct, the slashing and the kidnapping, which is the A Felony.

But for the fact that there was a mistake that it was considered as a B and not an A, I think the original sentencing judge, if he had looked at the verdict form, would have given him multiple consecutives, including on the As. Because he gave him consecutive on the B. And there would have been no mistake at all.

29

So to protect the public from further crimes of the defendant, I realize the defendant's medical condition debilitates [sic] against that. But nonetheless, there is and remains a potential threat to the victim. She, even in her affidavit, says I don't want my address disclosed.

What other way could I take that is she still has a fear? She still has a concern. And with that, that militates in favor of a consecutive sentence.

. . . .

So in this particular case, on Counts Three, Four, Five, and Six, for the crimes of Sexual Assault in the First Degree, it is a mandatory sentence. There are no options available to the Court for a probation.

The defendant is sentenced to 20 years on each count. And they are to all run concurrent with one another.

In the Count Eight, Kidnapping, which is an A Felony, the defendant is sentenced to 20 years in prison. And it is to run concurrent with Counts Three, Four, Five, and Six.

On Count One, Assault in the First Degree, the defendant is sentenced to a term of imprisonment of ten years. Count One will run consecutively to Counts Three, Four, Five, Six and Eight. I view that as a separate and distinct, and the sheer magnitude of the assault and slashing that occurred warrants the consecutive sentence.

The defendant was also convicted of Use of a Deadly or Dangerous Weapon in the Commission of a Crime -- is that an A or is that a C Felony?

[Defense counsel]: Which count?

THE COURT: Nine.

[Defense counsel]: Count Nine is a C Felony.

THE COURT: Okay. The defendant will be sentenced to five years in prison, to run concurrently with all other sentences.

In Count Two, Terroristic Threatening in the First Degree, the defendant is sentenced to a five-year term of imprisonment. And although I do think there might be grounds to consider that as separate and apart because it did take place separately, it did occur as the other events were happening, the threats, death to the victim. That sentence will run five years open and concurrent with all other sentences.

So the record is clear, the defendant is sentenced to 20 years on the A Felonies; on the C Felonies, five years. All of those to run concurrent. But the Count One, Assault in the First Degree is a ten-year sentence to run consecutive to all other sentences.

We reject Smith's argument that Judge Cahill did not adequately explain his rationale for imposing consecutive sentences. Smith's third point of error is without merit.

### 4.    Order Denying Motion to Reduce Sentence

Smith contends that the circuit court abused its discretion by denying his Motion to Reduce Sentence[23] based upon his medical condition. The motion was based upon Smith's diagnosis of throat cancer, for which he underwent a laryngopharyngectomy (removal of the vocal cords and pharynx) and a tracheostomy (an incision made in the windpipe). He is unable to speak and must breath through a hole in his throat. His doctor opined that he has stage 3 cancer and that his five-year survival rate is 25%.

A defendant's "medical circumstances . . . are [not] compulsory mitigators." State v. Kahapea, 111 Hawaiʻi 267, 281, 141 P.3d 440, 454 (2006). When Judge Raffetto imposed the Original Sentence he stated:

> As I mentioned, I presided over trial, so I heard all of the testimony, and it is true I don't think it can be disputed that defendant acted with a real high level of cruelty toward the victim here.
>
> . . . .
>
> Until today he has shown no remorse, whatsoever, or more importantly any insight into the wrongfulness of his behavior, and still seems to blame the victim for much of what happened, and he accepted responsibility today which is a good sign, but he hasn't before today, and then he contacted defendant [sic] in violation of the court order after the time he was convicted.
>
> The Court believes and finds, therefore, that the defendant does, in fact, present a clear and present danger to the victim in this case and to the community, and that his likelihood of rehabilitation at least at the present time is very low.
>
> Taking into consideration all of the factors set forth in Hawaii Revised Statutes Section 706-606, particularly the need for the sentence to reflect the very seriousness of the offenses committed here, it is another human being and to

---

[23]    Smith's HRPP Rule 35 Motion to Reduce Sentence was timely filed within 90 days after entry of the 2019 Sentence.

> protect the community the Court is going to impose sentence as follows:
>
> > The defendant will be placed in the custody of the director of the Department of Public Safety for a . . . total period of forty-five years.

During the hearing on the motion for reduction of sentence, Judge Cahill stated:

> [T]here's no legal basis that the medical condition of the defendant at this point should cause a reconsideration of the sentence. . . .
>
> > . . . .
>
> > . . . [T]hese are mandatory prison sentences that were imposed. He was convicted of the A Felony. So then the only issue was the consecutives. And I made my findings on that. And I see no reason to change it.
>
> > . . . .
>
> > So respectfully, the motion for reconsideration [sic] is denied for the reasons placed on the record. But the record should reflect, I did consider all of the medical evidence as well. I just don't feel that the medical evidence warrants reconsideration [sic] of the sentence.

We cannot say, based on the record, that the circuit court abused its discretion by denying Smith's motion for reduction of his sentence based on his medical condition.

## CONCLUSION

Based upon the foregoing: the Order Denying Motion to Review Consecutive Sentence entered on November 21, 2018, is affirmed; the 2019 Sentence entered on May 2, 2019, is vacated; the Order Denying Motion to Reduce Sentence, entered on

September 20, 2019, is affirmed; and this matter is remanded for resentencing consistent with this opinion.[24]

| On the briefs: | /s/ Katherine G. Leonard |
| | Presiding Judge |
| Renee Ishikawa Delizo, | |
| Deputy Prosecuting Attorney, | /s/ Keith K. Hiraoka |
| County of Maui, | Associate Judge |
| for Plaintiff-Appellee. | |
| | /s/ Clyde J. Wadsworth |
| Matthew S. Kohm, | Associate Judge |
| Alen M. Kaneshiro, | |
| for Defendant-Appellant. | |

---

[24] We remind the parties and the circuit court about the disposition of Smith IV, which remanded the case for the State to either "remedy the merger-instruction error by dismissing one of the two counts that could potentially merge [(Counts 1 (assault) and 8 (kidnapping))] or, if the State chooses, the State may retry Smith on both counts." Smith IV, 2020 WL 2790498, at *10 (citation omitted).